IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3187-D

| | |
|---|---|
| EUSTIQUIANO ARMANDO SOTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA and ) | |
| PAT McCRORY, ) | |
| ) | |
| Defendants. ) | |

On September 27, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 11] and recommended that the court dismiss Eustiquiano Armando Soto's ("Soto" or "plaintiff") 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. On November 1, 2018, Soto objected to the M&R [D.E. 14].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Soto's objections fail. Clemency is an executive—not judicial—remedy. "Unlike probation, pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." Conn. Bd. of Pardons v. Dumschat, 452 U.S.

458, 464 (1981); see Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 276 (1998); Otey v. Stenberg, 34 F.3d 635, 637 (8th Cir. 1994); Smith v. North Carolina, No. 5:16-CT-3229-BO, 2016 WL 8671481, at *2 (E.D.N.C. Sept. 9, 2016) (unpublished); Graham v. Angelone, 73 F. Supp. 2d 629, 630–31 (E.D. Va. 1999).

"[A]lthough some minimal due process protections apply to a state clemency proceeding, the decision to grant or deny clemency is left to the discretion of the governor . . . ." Roll v. Carnahan, 225 F.3d 1016, 1018 (8th Cir. 2000) (per curiam) (citation omitted); see N.C. Const. art. III, § 5(6); Bacon v. Lee, 353 N.C. 696, 704, 549 S.E.2d 840, 846–47 (2001) ("The people of North Carolina have vested their Governor with virtually absolute clemency authority since the adoption of their first Constitution in 1776."). Only "truly outrageous" clemency procedures amount to a due process violation. Gissendaner v. Comm'r, Ga. Dep't of Corr., 794 F.3d 1327, 1331 (11th Cir. 2015); cf. Mondragon v. Holder, 706 F.3d 535, 541 (4th Cir. 2013). Soto's conclusory claims fail to state a due process violation. See, e.g., Gissendaner, 794 F.3d at 1328–29, 1331; Roll, 225 F.3d at 1018; Duvall v. Keating, 162 F.3d 1058, 1060–61 (10th Cir. 1998). Thus, the court overrules Soto's objections to the M&R.

In sum, the court OVERRULES Soto's objections [D.E. 14], ADOPTS the conclusions in the M&R [D.E. 11], and DISMISSES Soto's complaint. The clerk shall close the case.

SO ORDERED. This 5 day of April 2019.

Devet
JAMES C. DEVER III
United States District Judge